[No. 21098.   In Bank.—October 4, 1894.]

# THE PEOPLE, RESPONDENT, v. JAMES M. NEARY, APPELLANT.

CRIMINAL LAW—ARRAIGNMENT—INFORMATION—LIST OF WITNESSES—CONSTRUCTION OF CODE.—The Penal Code only requires the names of witnesses to be indorsed upon an indictment, and does not require them to be indorsed upon an information, and the list of witnesses mentioned in section 988 of the Penal Code can apply only to an arraignment in a case where there has been an indictment; and a defendant cannot object to being required to plead to an information upon the ground that there was not read to him at the time of his alleged arraignment a list of witnesses.

ID.—JURY—CHALLENGE TO PANEL—DISQUALIFICATION OF OFFICER—EVIDENCE.—An order denying a challenge of the defendant to the panel on the alleged ground of the disqualification of the officer who summoned the jurors will not be disturbed upon appeal where the evidence is not such as to show that the court erred.

ID.—HOMICIDE—EVIDENCE—STATEMENT OF DEFENDANT AS TO CAUSE OF DEATH.—A statement made by the defendant to the coroner concerning the cause of the death of his wife, whom he is accused of murdering, is admissible in evidence, and, not being a confession, is not subject to the rule that a confession must first be shown to have been made freely and voluntarily, and the evidence is not objectionable where it appears that the statement was made to several other persons, and it seems to have been made freely and voluntarily.

ID.—INSTRUCTIONS TO JURY—DECLARING EVIDENCE.—The court has the right to tell the jury that evidence has been offered tending to show ill-will between the appellant and the deceased, and threats by the former against the latter, where there was some evidence that had that tendency, and the statement was made for the purpose of warning the jury against attaching much importance to such evidence.

ID.—INSTRUCTION AS TO CIRCUMSTANTIAL EVIDENCE—ADMISSIONS OF DEFENDANT.—An instruction upon the subject of circumstantial evidence, stating that "such evidence may consist of admissions by the defendant, plans laid for the commission of the crime, such as putting himself in the position to commit it, in short, any acts, declarations, or circumstances admitted in evidence tending to connect the defendant with the commission of the crime," cannot be construed as telling the jury that defendant could be convicted solely upon his own admissions.

ID.—MITIGATING CIRCUMSTANCES—BURDEN OF PROOF—REASONABLE DOUBT—USE OF WORD "DEMONSTRATE."—Instructions of the court in reference to the burden cast upon the defendant of proving circumstances which would mitigate, justify, or excuse the homicide, which clearly informed the jury that it is sufficient to acquit the defendant if the evidence introduced created in the minds of the jury a reasonable doubt as to whether the act was justifiable or excusable, or whether it was caused accidently or feloniously, and which state the law upon the point involved as favorably to the defendant as could be reasonably expected,

are not rendered erroneous by the use of the word "demonstrate" in the following sentence: "It is sufficient that he demonstrate to your understanding by testimony given, by inferences correctly and properly drawn from the whole testimony in the case, that, notwithstanding the burden cast upon him, there still exists in your mind a reasonable doubt of his guilt."

ID.—INSTRUCTIONS ALREADY GIVEN—AMENDMENTS.—It is not error to refuse instructions asked which are covered by the instructions given; and proper amendments may be made to instructions asked, and it is sufficient that all the instructions taken together state the law fairly and favorably to the defendant.

ID.—REVIEW OF EVIDENCE UPON APPEAL.—The verdict of a jury will not be disturbed for insufficiency of the evidence where the evidence and circumstances are such as could be better observed and weighed by the jury and by the trial court than in this court, and the judge of the trial court, who had the advantage of observing the witnesses and seeing the whole trial, has denied a new trial.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The main facts are stated in the opinion of the court. The instruction referred to in the opinion of the court, as pointed out in appellant's points and authorities, was as follows: "There are two classes of evidence recognized and admitted in courts of justice, upon either of which juries may find an accused guilty of crime; one is direct and positive testimony of an eyewitness to the commission of the crime, and the other is proved by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendant, and which is known as circumstantial evidence. Such evidence may consist of admissions by the defendant, plans laid for the commission of the crime, such as putting himself in the position to commit it; in short, any acts, declarations, or circumstances admitted in evidence, tending to connect the defendant with the commission of the crime."

*Bart Burke, Charles B. Younger,* and *Reddy, Campbell & Metson,* for Appellant.

The court erred in overruling defendant's objection to the arraignment, as there was no list of witnesses

indorsed on, or elsewhere appearing in, the information in this case. (Pen. Code, sec. 988; *People* v. *Carlton*, 57 Cal. 559–61.) The court erred in overruling the objection of the defendant to the testimony of the coroner as to the so-called statements made to him by the defendant as to the cause of his wife's death, as it was a confession which was not shown to have been freely and voluntarily made. (Rice on Criminal Evidence, 403, 404, 495.) The court erred in telling the jury that evidence had been offered tending to show ill-feeling between the defendant and the deceased, and that the former had threatened the latter. (*People* v. *Elster*, 3 West Coast Rep. 36, 37.) The court erred in instructing the jury that circumstantial evidence was sufficient to convict, and that such evidence might consist of admissions by the defendant, as the defendant could not be convicted solely upon his own admissions. (*People* v. *Thrall*, 50 Cal. 415.) The instruction as to mitigating circumstances, which required the defendant to demonstrate the existence of a reasonable doubt, was erroneous. (*People* v. *Bushton*, 80 Cal. 160.) The verdict was contrary to the evidence. The statement of the defendant showed that the killing was accidental, and the statement not having been shown to have been false in any particular, the jury had no right to draw from it an inference that the defendant was guilty of murder. (Roscoe on Criminal Evidence, 6th Am. ed., 30, 31; *People* v. *Elster*, 3 West CoastRep. 35–37; Code Civ. Proc., sec. 2061; Taylor on Medical Jurisprudence, 415, 416, 546–49; 2 Beck's Medical Jurisprudence, 109, 112, 113; Burrill on Circumstantial Evidence, 699, 700.)

*District Attorney Carl E. Lindsay, Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

There was no error in overruling defendant's "objection to the arraignment," as an objection to an indictment or information that the names of witnesses are not indorsed thereon must be taken by a motion to set

it aside. (*People* v. *Freeland,* 6 Cal. 96; *People* v. *Law-rence,* 21 Cal. 368; *People* v. *Symonds,* 22 Cal. 349; *People* v. *Lopez,* 26 Cal. 113; *People* v. *King,* 28 Cal. 266.) An information cannot be set aside for failure to append the names of witnesses thereto. (*People* v. *Schmidt,* 64 Cal. 260; *People* v. *Le Roy,* 65 Cal. 614; *People* v. *Sherman* (Cal., April 11, 1893), 32 Pac. Rep. 879.) The testimony of the sheriff showed that he was not disqualified. (*People* v. *Wong Ark,* 96 Cal. 125; *People* v. *Powell,* 87 Cal. 361.) The mere fact that the sheriff was a witness did not render the panel subject to challenge. (*Sullivan* v. *State,* 75 Wis. 650; *Clark* v. *Commonwealth,* 123 Pa. St. 555; *Mabry* v. *State,* 50 Ark. 492; *People* v. *Goldenson,* 76 Cal. 328.) The statement of defendant to the coroner did not amount to a confession, as it was not an acknowledgment of his guilt, and therefore it was not necessary to show that it was made voluntarily. (1 Greenleaf on Evidence, 170; *People* v. *Strong,* 30 Cal. 157; *People* v. *Parton,* 49 Cal. 632; *People* v. *Velarde,* 59 Cal. 457; *People* v. *Le Roy,* 65 Cal. 613.) The instructions as a whole were favorable to defendant, and, if conflicting, are in defendant's favor, and do not justify a reversal. (*People* v. *Travers,* 88 Cal. 233; *People* v. *Chung Heong,* 86 Cal. 329; *People* v. *Ah Jake,* 91 Cal. 98.) The court had a right to state what the testimony tended to prove. (*People* v. *Vasquez,* 49 Cal. 560; *People* v. *Perry,* 65 Cal. 568; *People* v. *Giancoli,* 74 Cal. 644.) The instruction as to circumstantial evidence correctly states the law. (*People* v. *Cronin,* 34 Cal. 202; *People* v. *Nelson,* 85 Cal. 421; *People* v. *Urquidas,* 96 Cal. 239; *People* v. *Morrow,* 60 Cal. 142.) The instruction as to the burden of proving mitigating circumstances was not rendered erroneous by the use of the word "demonstrate," as the whole instruction should be considered together in connection with the context. (*People* v. *Iams,* 57 Cal. 115; *People* v. *Ah Jake,* 91 Cal. 98; *People* v. *Ah Gee Yung,* 86 Cal. 144; *People* v. *Tarm Poi,* 86 Cal. 225; *People* v. *Boling,* 83 Cal. 380; *People* v. *Langton,* 67 Cal. 427.) The court properly denied the new trial, and as there

was evidence of defendant's guilt the verdict should not be disturbed.  (*People* v. *Doane*, 77 Cal. 560; *People* v. *Chung Heong*, 86 Cal. 329.)  The defendant's statement was false, and became a circumstance unfavorable to the hypothesis of defendant's innocence.  (*People* v. *Velarde*, 59 Cal. 462.)

McFARLAND, J.—Appellant was charged by information with the murder of his wife, Catherine Neary, and was convicted of murder in the second degree.  He appeals from the judgment, and from an order denying his motion for a new trial.

1. Appellant objected to being required to plead, upon the ground that he had not been arraigned, because there was not read to him at the time of his alleged arraignment a list of witnesses.  Assuming that the point sought to be presented can be raised upon such an objection without moving to set aside the information, still, as there is no requirement that the names of witnesses shall be indorsed upon an information—section 943 of the Penal Code applying only to indictments —the "list of witnesses" mentioned in section 988 can apply only to an arraignment in a case where there has been an indictment.  (See *People* v. *Sherman* (Cal., April 11, 1893), 32 Pac. Rep. 879.)

2. The court did not err in denying appellant's challenge to the panel on the alleged ground of the disqualification of the officer who summoned the jurors. Waiving all other questions, the evidence on the point was not of such a character as to give us warrant to declare that the court erred in holding it insufficient to establish the disqualification of the officer.

3. The court did not err in overruling appellant's objection to the testimony of the coroner as to a certain statement made to him by appellant touching the cause of his wife's death.  In the first place the statement was not a confession, and therefore not subject to the rule that a confession must first be shown to have been made freely and voluntarily, etc.; and, in the second place, it

was the same statement that was made to several other persons, and does seem to have been made freely and voluntarily.

4. We see no prejudicial error committed by the court in giving or refusing instructions to the jury.

The court had the right to tell the jury that there had been evidence offered "tending" to show ill-will between appellant and deceased, and threats by the former against the latter, for there certainly was some evidence that had that tendency. Moreover, the court made the statement clearly for the purpose of warning the jury against attaching much importance to such evidence, and immediately proceeded to impress that warning in language that occupies nearly two pages of the printed transcript. Evidently appellant was not prejudiced by this part of the court's charge.

We do not think that the part of the charge pointed out in point 5 of appellant's original points and authorities can be construed as telling the jury that appellant could be convicted solely upon his own admissions.

Appellant objects to a certain part of the charge in which the word "demonstrate" is used. This part of the charge was also intended to be, and was, favorable to the appellant. The court, having stated the rule laid down in section 1105 of the Penal Code, that the commission of the homicide by appellant being shown, the burden was upon him of proving circumstances which would mitigate, justify, or excuse, used this language: " But you will observe in this connection that the burden of proof thus cast upon defendant is not used in any literal sense; it is not necessary that defendant shall in this matter, any more than in any other, prove affirmatively that he did not intend such consequences. It is sufficient that he demonstrate to your understanding by testimony given, by inferences correctly and properly drawn from the whole testimony in the case, that, notwithstanding the burden so cast upon him, there still exists in your mind a reasonable *doubt of his guilt.* In the trial of every criminal case the law, at

the outset, clothes the defendant with the presumption of innocence until his guilt is proven beyond a reasonable doubt, and this presumption attaches at every stage of the case and to every fact essential to a conviction." Moreover, at the request of appellant, the court gave other instructions upon this subject, and, among others, the following: "The commission of homicide by the defendant, if proved, does not cast on him the burden of proving circumstances of mitigation or excuse *by a preponderance of evidence*. If the evidence introduced, either on the part of the prosecution or the defense, creates in the minds of the jury *a reasonable doubt* as to whether the act was justifiable or excusable, or whether it was caused accidently or feloniously, you should acquit the defendant." These instructions, notwithstanding the unhappy use of the word "demonstrate," state the law upon the point involved as favorably to appellant as could be reasonably expected, and go fully as far as *People* v. *Bushton*, 80 Cal. 160.

We see no errors in the refusal of the few instructions asked by appellant which were refused. They were covered by the many instructions given. Neither were there any errors in the few amendments made by the court to the instructions asked. The court gave more than thirty instructions asked by appellant, and the charge of the court of its own motion was quite lengthy; and all the instructions taken together stated the law not only fairly, but most favorably to appellant.

5. The only serious question in the case is whether the evidence was sufficient to justify the verdict, or rather, whether it should be held here that the court below erred in not granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict.

At the time the deceased received the wound which caused her death there was no one present other than the deceased and the appellant. A few moments before it occurred their little daughter had left them seated at a small table in a room of their house, at which they

were eating, and had gone out to the well for some water. When she returned she saw the deceased lying on the floor and the appellant was taking her up. She died immediately. Neighbors soon came in, and the explanation of his wife's death which the appellant then gave, and which he always afterwards gave, to others (he did not testify at the trial), was, substantially, that the deceased and himself had been out together somewhere, and had just returned home and sat down to the table to eat supper; that a little altercation had taken place between them; that they had contradicted each other about some matters of difference; that he said "that is not so," and threw a butcher-knife which he had in his hand upon the table, and that the knife got out of his hand and glanced or bounded from the table and struck the deceased, making the wound which caused her death. It was amply shown that his character was good. The relations between him and the deceased had not been pleasant, although the trend of the testimony was to the point that she was of an unamiable and irritable disposition and did most of the quarreling—he generally remaining silent when she found fault with him, at least when in the presence of others. However, he complained to a friend of the difficulty he had in getting along with her.

It is contended strenuously by counsel for appellant that the evidence was not inconsistent with the theory of his innocence, and that, therefore, he should have been acquitted. But there were many things to be considered by the jury in determining whether or not his account of the homicide was true. His story, though not entirely impossible, was not probable. The knife, which entered the abdomen, made an incision into the person of the deceased nine inches long—the entire length of the blade of the knife. It passed through the skin, through fatty tissue from one and a half to two inches thick, through the muscles of the abdomen, and through the intestines to the muscles of the

back. Nothing appears in the record as to the sharpness of the knife, but the jury saw it. The character and direction of the wound; the relative positions of the parties when last seen; the disposition made of the knife after the occurrence; the prior feelings of the parties towards each other; the appearance and manner of the witnesses—these and many other things, which cannot be pictured here as they were in the trial court, were legitimate matters to be considered by the jury in coming to their conclusion. Moreover, weight must be given to the denial of a new trial by the judge of the trial court, not only because he had the advantage of observing the witnesses and seeing the whole trial, but because it is his province and duty to pass, in the first instance, upon questions involving the sufficiency of evidence. After carefully examining the whole case and giving due weight to every consideration urged by counsel for appellant we do not feel it our duty to disturb the denial of a new trial by the court below.

Judgment and order affirmed.

FITZGERALD, J., HARRISON, J., GAROUTTE, J., and BEATTY, C. J., concurred.