[Crim. No. 1556.　First Appellate District, Division One.—December 20, 1929.]

THE PEOPLE, Respondent, v. RUFO SOTELO, Appellant.

John A. Murphy and Ed. J. Clark for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged in an information filed by the district attorney of Monterey County with the crime of murder, for the killing of one Bartoleme Cabaltera. A verdict of murder in the second degree was returned by the jury. Motion for a new trial was made and denied. From the judgment entered upon the verdict and from the order denying a new trial appellant prosecutes this appeal.

The main point relied upon for a reversal is that the evidence is insufficient to support the verdict. Defendant and the deceased, Filipinos, were employed in a camp in the vicinity of the town of Spreckels, Monterey County, California. Deceased was the cook at the camp and defendant, so he testified, visited him for the purpose of collecting a certain sum of money which he claimed the deceased owed him. What transpired between them was testified to by defendant, who took the stand in his own behalf. In substance he claimed that upon demanding payment of the sum due him deceased became angry, denied the indebtedness, and commenced throwing stove-wood at him, which struck him on certain parts of his head and body. After throwing the wood, deceased attempted to obtain possession of an iron poker with which to strike defendant, whereupon defendant, in order to protect himself, stepped toward the deceased and threw a knife at him which penetrated his back, producing a wound which shortly thereafter caused death. There were no eye-witnesses to the killing and defendant claims that as his testimony was not directly contradicted the jury was bound to accept it and should have acquitted him. There were other circumstances, however, from which the jury was fully justified in rendering the verdict which it did. It appeared in evidence that deceased ran from the kitchen with the knife in his back, calling for help, and that he was closely followed by the defendant. Defendant ran away from the scene of the killing, and, in the course of his flight, threw away a loaded revolver. He afterward concealed himself, but was subsequently arrested in an adjacent town.

The knife with which the killing was done entered the back of the deceased between the third and fourth ribs for a depth of about six inches. It was the claim of the prosecution that it would have been impossible for the knife to have produced this character of a wound under the circumstances described by defendant, or that it could have penetrated the body of the deceased to the depth that it did. It was the theory of the prosecution that defendant had approached the deceased while he was bending over his stove and deliberately stabbed him. Defendant admitted that at the time the wound was inflicted the deceased had his back turned toward him. The nature and character of the wound and the fact that the knife remained embedded in the back of the deceased, together with the other circumstances above related, were legitimate matters to be considered by the jury in reaching its conclusion. ■ The mere fact that defendant's testimony was not improbable and was uncontradicted by direct testimony, did not compel the jury to believe it, where the circumstances were such as to reasonably justify an inference of guilt. (*People* v. *Neary*, 104 Cal. 373 [37 Pac. 943].) As was said in *People* v. *Hall*, 87 Cal. App. 634 [262 Pac. 50], few criminals would ever be convicted if their explanations were always accepted as gospel truth.

■ Appellant next complains of the giving and refusal to give certain instructions to the jury. These instructions relate to the question of flight by a defendant immediately after the commission of a crime, as tending in some degree to prove a consciousness of guilt, and also to the questions of self-defense and circumstantial evidence. We have read the instructions carefully. The jury was fully and fairly instructed upon these questions and we find no error in this connection. ■ And, finally, appellant complains of the action of the trial court in refusing to grant a new trial. When the motion came on for hearing there was offered in evidence two affidavits of members of the jury which appellant claims show that the jury was guilty of misconduct during its deliberation. The misconduct relates to the fact that certain of the jurors consulted law books which were in the jury-room to ascertain the meaning of the term "malice aforethought." After reading the same there was still a difference of opinion among the jurors as to the mean-

ing of the term, and the jury asked for and received further instruction upon the subject. Under these circumstances it is apparent that the defendant was not prejudiced by the action of the jurors. In and of itself the consulting of law books by members of the jury has been repeatedly held not to constitute error. (*Durham* v. *State,* 70 Ga. 264; *People* v. *Draper,* 28 Hun (N. Y.), 1.)  Moreover, the general rule is that jurors are not permitted to impeach their own verdict by their affidavits showing misconduct on the part of its members, except where the verdict is reached by a resort to the determination of chance, and this is particularly so where the misconduct has been submitted to the trial court and passed upon by that tribunal, as the law is settled that the appellate court will not disturb an order denying a motion for a new trial on the ground of misconduct, unless there is manifestly and clearly an unmistakable abuse of discretion. (*People* v. *Maggio,* 90 Cal. App. 683 [266 Pac. 813].)

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.