[Crim. No. 1559. First Appellate District, Division One.—February 14, 1930.]

## THE PEOPLE, Respondent, v. ANGELO TURCO, Appellant.

Nathan C. Coghlan and E. H. Lomasney for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by an information consisting of two counts, filed by the district attorney of the city and county of San Francisco, with violations of the State Poison Act. The first count referred to the wilful, unlawful and felonious possession of a preparation of heroin. The second related to the wilful, unlawful and felonious possession of cocaine. Trial was had and he was found guilty on both counts. Motion for a new trial was made and denied and appellant was sentenced to San Quentin for the period prescribed by law. This is an appeal from the judgment and order.

It is claimed that there is no evidence in the record to sustain the verdict. The material facts are without conflict. In the month of June, 1929, appellant was seated in an automobile at the intersection of Clay and Leavenworth Streets, in this city and county, reading a paper. While so occupied a large automobile proceeding west on Clay

Street passed the car in which appellant was sitting. The driver blew his horn and appellant left his car, carrying a package over his arm, when he was placed under arrest by an inspector of the state board of pharmacy. The package proved to contain nineteen bottles of cocaine and three large packages of heroin. Appellant was thereupon taken to the city prison and questioned concerning the narcotics and he claimed that he did not know what the package contained; that it had been given to him by one Enrica to be delivered to an unknown party who would meet him in the particular locality of his arrest.

As ground for a reversal it is claimed that as the prosecution failed to prove knowledge on the part of the appellant as to the contents of the package that his testimony relating to the manner in which he became possessed of the drugs should have been believed by the jury, as it was uncontradicted and not improbable. There is no merit in this claim. The circumstances surrounding the case were such as to reasonably justify an inference of guilt and the jury was not bound to believe defendant's testimony. (*People* v. *Neary,* 104 Cal. 373 [37 Pac. 943].) If the rule were otherwise few criminals would ever be convicted. (*People* v. *Hall,* 87 Cal. App. 634 [262 Pac. 50].)

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.