[Crim. No. 3089.  Second Appellate District, Division One.—May 24, 1938.]

THE PEOPLE, Respondent, v. RAY D. ROSE, Appellant.

Leland E. Zeman for Appellant.

U. S. Webb, Attorney-General; R. S. McLaughlin, Deputy Attorney-General for Respondent.

WHITE, J.—In an amended information appellant and one John Radcliff were jointly charged with a violation of the State Narcotic Act, for having in their possession a preparation of opium containing "more than two grains of opium to the avoirdupois ounce". It was also alleged that prior to the commission of the substantive offense charged, appellant had suffered a prior conviction in the United States District Court for violation of the Harrison Narcotic Act, and that pursuant to judgment therein pronounced he served a term of imprisonment therefor in a federal prison.

The language in the amended information in this case to the effect that the preparation of opium contained "more than two grains of opium to the avoirdupois ounce", being beyond and without the provisions of the State Narcotic Act, was merely surplusage and of no legal effect. (*People* v. *Handley*, 100 Cal. 370 [34 Pac. 853].) The act does not permit the sale or possession of preparations containing opium in any amount, except under certain stated conditions.

After trial before the court sitting without a jury, defendant Radcliff was acquitted, while appellant was convicted of the crime charged, and the court further found for the prosecution on the issue of the prior conviction. From the judgment, sentence, and the order denying his motion for a new trial, appellant prosecutes this appeal.

Briefly, the facts are that on the evening of November 18, 1937, police officers arrested defendant Radcliff. While they were questioning him, appellant came into the room and was placed under arrest. A search of appellant by the officers revealed five suppositories in his right-hand leather jacket pocket. At the trial a police department chemist testified that he held one of the suppositories taken from appellant over a gas flame and smelled the odor of opium. He also testified that he was present when another city chemist took

another of the suppositories and melted it over a gas flame in a test tube, and he recognized opium in the bottom of the tube. This witness, qualified as an expert, gave it as his opinion that the suppository contained more than twenty grains of opium to the avoirdupois ounce. With reference to the prior conviction, defendant took the stand in his own behalf and admitted that he had been previously convicted of violating the Harrison Narcotic Act in the federal court as charged in the amended information.

At the oral argument of this cause, appellant abandoned his claim that the trial court erred in permitting the amended information to be filed, and also conceded the sufficiency of the evidence to sustain a conviction in so far as the presence of opium in the suppositories was concern'ed. Appellant also admitted at the oral argument that the repealing sections of the State Poison Act adopted in 1937 removed therefrom certain sections which it had been contended served to deprive appellant of the equal protection of the laws, in that the provisions previously existing in the Poison Act provided a different penalty from that prescribed for similar offenses set forth in the State Narcotic Act.

Therefore, in urging a reversal of the judgment, appellant relies first upon the claim that he did not commit an offense under the State Narcotic Act, for the reason that he innocently purchased a pharmaceutical product in an established drugstore; and in that connection, appellant testified that he went to a drugstore in the city of Los Angeles and advised the pharmacist on duty that he was suffering from hemorrhoids, and that the pharmacist recommended these suppositories to appellant, whereupon the latter purchased them. In this regard, it is appellant's contention that the Narcotic Act exempts from its penal provisions preparations of the United States Pharmacopoeia and National Formulary, or other recognized or established formula or other remedies sold in good faith for medicinal purposes only, and not for the purpose of satisfying the addiction of a user of narcotics. However, we find in the State Narcotic Act no exemption of any kind in favor of any preparation containing opium in any amount, except under certain conditions in connection with sales at wholesale by jobbers, wholesalers and manufacturers to pharmacies, or when such preparation of opium is administered, furnished or prescribed by

a duly licensed physician. Needless to say, the transaction here in question does not come within any of these exempted categories.

It is appellant's contention that as the prosecution failed to prove knowledge on the part of appellant as to the contraband contents of the package, his testimony relating to the manner in which he became possessed of the drugs should have been believed by the judge. There is no merit in this claim. While it is true that appellant testified that he innocently and in good faith purchased the drugs at an established pharmacy, there was also testimony to the effect that at the time of his arrest appellant stated that he had obtained the suppositories from his codefendant, which statement was verified by the latter; while appellant further testified that it was his codefendant Radcliff who had purchased the suppositories at the drugstore in the presence of appellant. It is significant that no pharmacist or drugstore employee was produced at the trial to corroborate appellant's claim, and also, that appellant admitted to the officers that he was a user of narcotics. The circumstances surrounding the case were such as reasonably to justify an inference of guilt, and the judge was not bound to believe defendant's testimony, but was warranted in concluding from the facts testified to that appellant did not obtain the opium suppositories from a drugstore or upon a physician's prescription, and might well have concluded that appellant obtained them from his codefendant. (*People* v. *Neary,* 104 Cal. 373 [37 Pac. 943].) If it were the rule that trial judges or juries must decide cases in conformity with the defendant's testimony, few criminals would ever be convicted. (*People* v. *Hall,* 87 Cal. App. 634 [262 Pac. 50]; *People* v. *Turco,* 104 Cal. App. 59, 60 [285 Pac. 349].) Further, the findings of a jury or of a judge sitting without a jury, upon disputable questions of fact, or inferences, or both, must be given full faith and credit. It is only where, as a matter of law, there is no legal evidence supporting the charge, that a reviewing court may disturb a verdict or decision. The rule upon appeal in a criminal case is that the court must assume in favor of the verdict or decision the existence of every fact which the jury or judge could have reasonably deduced from the evidence and then to determine whether or not the guilt of the defendant is deducible therefrom. The

question for the appellate court to pass upon is whether there were facts before the jury or judge to justify an inference of guilt. (*People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389]; *People* v. *Hennessey,* 201 Cal. 568, 571 [258 Pac. 49]; *People* v. *Deysher,* 2 Cal. (2d) 141, 149 [40 Pac. (2d) 259].)

■ Finally, appellant contends that the provision of section 7 of the State Narcotic Act making a state prison sentence mandatory in the case of any person convicted thereunder who shall have suffered a prior felony conviction, is unconstitutional, for the reason that such provision is unreasonable, discriminatory, and an arbitrary exercise of legislative discretion, in that it "inflicts an extraordinary penalty for a crime of ordinary gravity committed under ordinary circumstances".

This contention of appellant cannot be sustained. The fact of the former conviction is an element merely in determining the criminality of the second offense. The legislature of this state has said that one who commits a crime after having been convicted of another crime is a greater offender than as though he had not previously been convicted, and the punishment inflicted therefor is solely for the second offense, to which a greater degree of criminality is thus attached. Appellant herein contends that in providing for a mandatory prison sentence in cases where a defendant convicted of violation of the State Narcotic Act has suffered a prior conviction of a felony, the legislature has gone beyond the bounds of reason, in view of the offenses committed. ■ It is true that a police measure must fairly tend to accomplish the purpose of its enactment, and must not go beyond the reasonable demands of the occasion, but nevertheless a large discretion is necessarily vested in the legislature to determine not only what the interests of the public require, but what measures are necessary for the protection of such interests. In criminal cases it must be remembered that the offense is against the state, and it does no violence to any constitutional guaranty for the state to rid itself of depravity when its efforts to reform have failed. ■ The true ground upon which these statutes are sustained is, that the punishment is awarded for the second offense only, and that in determining the amount or nature of the penalty to be inflicted, the legislature may require the courts to take into consideration the persistence of the defendant in his criminal course. (8 R. C. L. 271.)

When a person has proved himself immune to the ordinary modes of punishment inflicted upon first offenders, then it becomes the duty of government not only to seek some other method to curb his criminal propensities, that he might not continue to further inflict himself upon law-abiding members of society (*In re Rosencrantz,* 205 Cal. 534, 537, 538, 539 [271 Pac. 902]), but as well, by example, to deter others in like situations from committing second offenses. In enacting that upon conviction for a second or subsequent offense against the laws, the punishment shall be one of greater severity, the legislature has acted in accordance with the dictates of a wise policy and has invaded no constitutional right. (*People* v. *Biggs,* 9 Cal. (2d) 508 [71 Pac. (2d) 214] ; *People* v. *Dutton,* 9 Cal. (2d) 505 [71 Pac. (2d) 218].)

██ The attempted appeal from the sentence is dismissed, for the reason that there is no such appeal known to our law. (*People* v. *Melendrez,* 25 Cal. App. (2d) 490 [77 Pac. (2d) 870].)

For the foregoing reasons, the judgment and the order by which defendant's motion for a new trial was denied are, and each of them is, affirmed.

York, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1938.