[Crim. No. 1132. First Appellate District, Division Two.—January 7, 1924.]

## THE PEOPLE, Respondent, v. RICHARD MIDDLETON, Appellant.

[1] CRIMINAL LAW—MURDER—FALSE WITNESSES—DISTRUST OF—IN-STRUCTIONS.—In a prosecution for murder, it is not error to instruct the jury that "a witness false in one part of his or her testimony is to be distrusted in others," particularly where, at the request of defendant, the jury is also instructed "that if you believe any witness examined before you during the trial of this case has willfully sworn falsely as to any material matter, it is your duty to distrust his entire evidence."

[2] ID. — CONFESSIONS — WEIGHT — INSTRUCTIONS. — In a prosecution for murder, an instruction that "if you believe from the evidence in this case that the defendant has at any time made any admissions or confessions concerning the offense he is charged with, then I instruct you that evidence of confessions or admissions should be carefully scrutinized by the jury and received with great caution, though a witness is perfectly honest, it is impossible for such witness in most cases to give the exact words in which admissions were made; and sometimes in the transposition of the words a party may find a meaning entirely different from that which was intended to be conveyed by the witness," goes beyond the language of subdivision 4 of section 2061 of the Code of Civil Procedure and is properly refused.

[3] ID.—VOLUNTARY CONFESSION—EVIDENCE—APPEAL.—Where the record shows that defendant, when asked about the crime, stated that he did not want to talk "unless he had a hearing," but that, after being told that his companions in the crime had confessed, he told the story without any more persuasion and without either threats or inducements being used by the officers, the appellate court cannot say that the confession was not voluntarily made or that the trial court erred in admitting it in evidence.

1. Necessity of qualifying by reference to conscious falsity an instruction under a statute enacting the maxim, *Falsus in uno, falsus in omnibus*, without that qualification, note, 29 L. R. A. (N. S.) 680.

3. When confession is voluntary, notes, 18 L. R. A. (N. S.) 768; 50 L. R. A. (N. S.) 1077.

[4] ID.—PRIOR ROBBERY—EVIDENCE.—In a prosecution for the murder of a police officer, it is not error to admit evidence of a robbery committed by defendant prior to the murder, where such robbery was directly connected with the murder and clearly showed a motive for the latter deed.

[5] ID.—ADMISSION OF POLICE "BLOTTER"—EVIDENCE.—In a prosecution for the murder of a police officer, the "blotter" or daily police record, which the deceased officer had read before leaving the police station upon the night upon which he was killed, and which contained information regarding a robbery in another town and a description of the automobile which had been stolen and of two of the men who had participated in the robbery, is properly admitted in evidence for the limited purpose of showing what the deceased had read before starting on duty on the day of his death, but not for the purpose of proving the truth of the facts therein stated.

[6] ID.—WHEREABOUTS OF DEFENDANT—PROPER CROSS-EXAMINATION. In this prosecution for the murder of a police officer, the defendant, upon direct examination, having denied that he had shot the police officer, denied that he was present at the time the crime was committed or that he had any connection with the crime whatsoever, the trial court did not err in permitting the prosecution, upon cross-examination, over the objection of defendant, to inquire into the whereabouts and wanderings of the defendant after the commission of the crime of which he was charged.

[7] ID.—IMPROPER CROSS-EXAMINATION—APPEAL.—Where the record on appeal from a judgment of conviction of the crime of murder clearly shows that justice has been done by the verdict and judgment, the appellate court is not warranted in reversing the judgment merely because the trial court, upon cross-examination of defendant, permitted a broader range of questions than is warranted by legal precedent.

[8] ID.—DEGREE OF CRIME—EVIDENCE—VERDICT.—In this prosecution for the murder of a police officer, there having been testimony from which the jury was justified in believing that defendant shot the police officer through the heart when he approached the automobile in which defendant was riding, and there having been no evidence of any circumstance which would constitute the crime murder in the second degree, the verdict of guilty of murder in the first degree was justified.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

4. Admissibility in evidence of other crimes to show motive in prosecution for murder, notes, 105 **Am. St. Rep.** 986; 62 **L. R. A.** 201.

The facts are stated in the opinion of the court.

Frank A. Henning for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—Defendant appeals from a judgment of conviction of the crime of murder.

[1] The first objection urged is that the trial court erred in instructing the jury that "a witness false in one part of his or her testimony is to be distrusted in others." It is true that a similar instruction was criticised in the case of *People* v. *Plyler,* 121 Cal. 160 [53 Pac. 553]. However, in a later decision, our supreme court, after discussing the Plyler case, said: "But nowhere has it been decided, nor indeed could it with reason be held, that it is error for the court to instruct in the language of our written law. This is substantially what the court here did, and so, while the instruction cannot be commended as a full or clear exposition of the meaning of the section of the code, still it cannot be said that it was error for the court in giving the law to have conformed to the language of the code, and to have omitted what that code itself omits." (*People* v. *Dobbins,* 138 Cal. 694, 698 [72 Pac. 339, 341]. See, also, *People* v. *Treadwell,* 69 Cal. 226, 238 [10 Pac. 502].) The objection urged by the appellant to the instruction above set forth is that the jury would be compelled under its language to construe a false statement regarding some minor or unimportant matter as a reflection upon the truth of all the testimony given by the same witness. In the instant case such a possibility was lessened by the fact that the trial court, at the request of the defendant, also gave the following instruction to the jury: "You are instructed that if you believe any witness examined before you during the trial of this case has willfully sworn falsely as to any *material matter,* it is your duty to distrust his entire evidence."

[2] Complaint is made of the refusal of the trial court to give the following instruction at the request of the defendant: "If you believe from the evidence in this case that the defendant has at any time made any admissions

65 Cal. App.—12

or confessions concerning the offense he is charged with, then I instruct you that evidence of confessions or admissions should be carefully scrutinized by the jury and received with great caution, though a witness is perfectly honest, it is impossible for such witness in most cases to give the exact words in which admissions were made; and sometimes in the transposition of the words a party may find a meaning entirely different from that which was intended to be conveyed by the witness.'' In the case of *People* v. *Buckley,* 143 Cal. 375, 391 [77 Pac. 169], the court held that the refusal to give an instruction substantially the same as the one we are now considering was not error as such instruction went far beyond the language of subdivision 4 of section 2061 of the Code of Civil Procedure. Upon this point it is also to be noted that the court gave the following instruction: ''You are instructed that it is your duty to view with caution evidence of parol admissions of the defendant.''

[3] It is contended that the trial court erred in admitting in evidence the testimony of certain police officers concerning the alleged confessions of the defendant. The asserted basis of this contention is that the confessions of the defendant were not made voluntarily, and this position is predicated upon testimony that the defendant stated, when asked about the crime, that he did not want to talk ''unless he had a hearing.'' But it also appears from the testimony in the record that after making that remark and being told that his companions in the crime had confessed, he told the story without any more persuasion and without either threats or inducements being used by the officers. Upon these facts we do not think it can be said that the confession was not voluntarily made, and the following language from *People* v. *Grafft,* 61 Cal. App. 7 [214 Pac. 273], seems appropriate: ''The question whether the confession was 'free and voluntary' or the result of inducement, coercion, intimidation or duress exerted by the officer, was one peculiarly within the province of the trial judge to decide upon the facts. His conclusion thereon has substantial support in the evidence, and we are of the opinion that we should not interfere with it.''

[4] It is contended that error was committed in admitting evidence of a robbery committed by the defendant

prior to the murder of the police officer, the crime for which he was being tried. The objection is without merit. The evidence of the prior crime was admitted because the commission of the other crime was directly connected with the murder of the police officer and clearly showed a motive for the latter deed. According to testimony appearing in the record, on July 30, 1922, the defendant met two boys who had escaped from the Preston School of Industry, and the trio took possession of a Ford automobile that was standing upon one of the streets of Lodi, California, and drove to the city of Stockton. While there, they stopped the driver of a Buick automobile, robbed him and took his automobile, in which they drove to Fresno. Early the next morning, upon entering Fresno, they were pursued by police officers in an automobile and forced to stop. One of the police officers got out of his automobile and approached the automobile in which the defendant was riding. The defendant ordered him to put up his hands, and when the officer reached for his revolver the defendant fired several shots which resulted in the death of the police officer. The robbery was closely connected with the killing of the officer. Fear of arrest for this crime furnished a powerful motive to the defendant to kill the police officer, who was pursuing him. To establish a motive for the crime with which the defendant was charged, the evidence complained of was admissible. (*People* v. *Pool,* 27 Cal. 572; *People* v. *Wilson,* 117 Cal. 688 [49 Pac. 1054]; *People* v. *Argentos,* 156 Cal. 720 [106 Pac. 65].)

[5] Appellant urges that the trial court erred in admitting in evidence the ''blotter'' or daily police record, which the deceased officer had read before leaving the police station on the night upon which he was killed. This document contained information regarding the robbery at Stockton and a description of the automobile which had been stolen and of two of the men who had participated in the robbery. The paper was admitted for the limited purpose of showing what the deceased had read before starting on duty on the day of his death, and not for the purpose of proving the truth of the facts therein stated. For such limited purpose, we think it was properly admitted in evidence. It indicated that the officers had reasonable grounds for believing that a felony had been committed by the oc-

cupants of the Buick automobile and were therefore justified in stopping them upon the highway.

[6] Complaint is made of the rulings of the trial court by which the prosecution was permitted to inquire into the whereabouts and wanderings of the defendant after the commission 'of the crime of which he was charged. It is contended by the appellant that these questions, to which objection was made, were not proper cross-examination, as the defendant had been asked nothing concerning these matters upon his direct examination. The defendant, upon his direct examination, denied that he had shot the police officer, denied that he was present at the time the crime was committed, or that he had any connection with the crime whatsoever. We think that under these circumstances a broad latitude was properly permitted upon cross-examination. (*People* v. *Teshara*, 141 Cal. 633, 638 [75 Pac. 338].) In the case of *People* v. *Soeder*, 150 Cal. 12 [87 Pac. 1016], the prosecution was permitted to ask the defendant as to his whereabouts at the time the crime was committed, although the defendant had not testified upon his direct examination as to where he was at that time, but had merely testified to the fact that he was not present at the scene of the crime. [7] True, the cross-examination in the instant case goes beyond that discussed by the opinions in the cases cited; nevertheless, if we should concede to the appellant that the record in the present case discloses a broader range of questions upon the cross-examination of the defendant than is warranted by legal precedents, we should not be warranted in reversing the judgment. for this reason because the facts disclosed by the record in this case show clearly that justice has been done by the verdict and judgment rendered, and this decisive remark applies also to the other assignments of error urged by the appellant concerning alleged misconduct of the district attorney in his argument to the jury. It is also to be added, in response to the objections of the appellant to certain remarks of the district attorney which were assigned as error, that with respect to some of these matters, at least, the trial court instructed the jury to disregard the remarks and this, in contemplation of law, cured the error.

[8]   The contention that the record does not support the verdict of guilty of murder in the first degree is without merit.   There is testimony from which the jury was justified in believing that the defendant shot the police officer through the heart when he approached the automobile in which defendant was riding.   There was no evidence of any circumstances which would constitute the crime murder in the second degree.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.