[Crim. No. 1092. Department One.—April 18, 1904.]

THE PEOPLE, Respondent, v. A. SYLVA, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—LEVY OF EXECUTION
—PROTECTION OF OFFICER AND ASSISTANT.—An officer charged with
the duty of enforcing a judgment by execution has the right to
enter peaceably into the house of the execution debtor, and to take
with him the execution creditor as an assistant; and the execution
debtor has no right to treat the officer or his assistant as a tres-
passer, or to expel either of them by force, or to commit an as-
sault with a deadly weapon upon the execution creditor with intent
to expel him from the premises.

ID.—ASSAULT WITH UNLOADED GUN—WANT OF ABILITY—INSTRUCTIONS.
—The pointing of an unloaded gun at the prosecuting witness, ac-
companied by a threat to shoot him, without any attempt to use
it otherwise, is not an assault with a deadly weapon, and cannot
sustain a conviction for an assault for want of a present ability
to commit a violent injury on the person threatened in the manner
attempted; and where there was a serious dispute as to whether
the gun was loaded, the defendant was entitled to definite instruc-
tions for an acquittal upon that theory of the case; and it was
error to refuse them where the instructions given were ambiguous.

APPEAL from a judgment of the Superior Court of Marin
County and from an order denying a new trial. Thomas J.
Lennon, Judge.

The facts are stated in the opinion of the court.

O. F. Meldon, and E. B. Martinelli, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attor-
ney-General, and Thomas P. Boyd, District Attorney, for
Respondent.

SHAW, J.—The defendant was charged with the crime of
an assault with a deadly weapon, and upon trial was convicted
of an assault. He appeals from the judgment and from an
order denying his motion for a new trial.

The first point made is, that the complaining witness, Pis-
tolesi, was a trespasser on the defendant's premises at the
time the alleged assault was committed on him, and that the
defendant had a right to use all the force necessary to expel

him. The evidence shows that the sheriff had an execution against the defendant under which he had previously levied upon some books of the defendant, which, by agreement, had been thereupon left in defendant's house pending further proceedings; that Pistolesi was the attorney for the execution plaintiff, and that at the time in question he was on the premises with the deputy sheriff, and at his request, to assist him in getting the books away; that when they reached the house the defendant was not at home, and they got from a small boy on the premises a key, with which they unlocked the door and so entered, and were standing in the entry with the door open at the time the defendant returned to his home and made the alleged assault. Under these circumstances Pistolesi was not a trespasser. The levy was good as against the defendant, though not sufficient against creditors and purchasers in good faith. (*Rogers* v. *Gilmore,* 51 Cal. 310; *Taffts* v. *Manlove,* 14 Cal. 47;[1] *Hawkins* v. *Roberts,* 45 Cal. 38; *Dutertre* v. *Driard,* 7 Cal. 549.) An officer charged with the duty of enforcing a judgment by execution has the right to enter the premises of the execution defendant, if he can do so peaceably. (11 Am. & Eng. Ency. of Law, 2d ed., 654.) He has also the right to take with him such persons as he may need to assist him in the duty. The defendant had no right to expel the officer or his assistant from the premises.

We think the court erred in refusing instructions asked by the defendant. The evidence showed without conflict that the prosecuting witness, Pistolesi, was standing just outside of the front door of the defendant's house; that the defendant, while standing in the hall of the house at a distance of over fifteen feet from Pistolesi, pointed a gun at him in a position indicating an intention to shoot, saying to Pistolesi, "I will shoot you if you don't get out of the house," and that at that time the deputy sheriff, who was near Pistolesi, closed the door. This constituted the only assault that was made, and these facts are substantially admitted by the defendant in his testimony. There was no attempt to use the gun as a weapon, otherwise than by firing it, and it was not in fact fired. The only serious dispute concerning any evidence in the case was over the questions whether or not the gun was loaded, and whether or not there was any attempt to discharge

---

[1] 73 Am. Dec. 610.

it. Under these circumstances it must be conceded that if the gun was not loaded there was no assault, either with a deadly weapon or otherwise. Pointing an unloaded gun at another, accompanied by a threat to discharge it without any attempt to use it, except by shooting, does not constitute an assault. There is in such a case no present ability to commit a violent injury on the person threatened, in the manner in which the injury is attempted to be committed. The court in its instructions correctly defined the respective crimes of assault and assault with a deadly weapon, and then charged that if the jury, from the evidence, did not believe beyond a reasonable doubt that the defendant was guilty of assault with a deadly weapon, but were satisfied beyond reasonable doubt that he was guilty of the offense of assault, he might be convicted of the lesser offense. Upon the conceded facts of the case, if there was a reasonable doubt of the commission of the crime of assault with a deadly weapon, the defendant was entitled to an acquittal. In view of the state of the evidence this doubt could only apply to the two questions, Was the gun loaded? and, Was there an attempt to discharge it? If there was such doubt on either point, there could be no conviction. The verdict shows that the jury did not believe that the gun was loaded, but did believe that there was an attempt to discharge it. If they so believed, the verdict should have been that the defendant was not guilty. They must therefore have believed the law to be, that there could have been a simple assault with an unloaded gun at that distance. These circumstances point to the error of the court in refusing the following instructions asked by the defendant: "19. A person with an unloaded gun does not have the present ability to inflict an injury upon another many yards distant, however apparent and unlawful his attempt to do so might be. 20. An assault cannot be committed by a person pointing in a threatening manner an unloaded gun at another, and this, too, regardless of the fact whether the party holding the gun thought it was loaded, or whether the party at whom it was menacingly pointed was thereby placed in great fear." These instructions were refused on the ground that they were unnecessary, presumably for the reason that they were covered by other instructions. We think, however, that the other instructions were so conflicting that they might have misled

the jury, and in view of the peculiar verdict we think the inference is unavoidable that they did mislead the jury on this point. The court of its own motion instructed the jury as follows: ''The acts which constitute an assault, as I have defined it, must be done in preparation for an immediate injury. Thus, drawing a sword or bayonet upon, or presenting a gun at a person who is within range, is an assault, and so is any similar act accompanied by such circumstances as denote an intention existing at the time, coupled with a present ability of using actual violence or inflicting great personal injury upon the person of another. And if under such circumstances a defendant exacts a condition to be at once performed, which he has no legal right to impose, and his intent is immediately to enforce performance of that condition by violence, and he places himself in readiness and in position to do so, and proceeds as far as it is then necessary for him to go in order to carry out his intention, then it is as much an assault in the eyes of the law as if he had actually struck or shot at the other party and missed him.'' There is nothing in this instruction to inform the jury that the acts described would not be an assault if the gun presented was not loaded at the time. The only instruction which tends to cure this omission is instruction No. 17, given at the request of the defendant, which is as follows: ''Whether or not the defendant in this action was at the time armed with a dangerous weapon (or deadly weapon) is a question of fact for you to determine from the evidence, and in so doing you are to take into consideration all the circumstances,—whether or not the gun was loaded, the distance the parties were from each other, the manner of its use,—and . . . if you entertain a reasonable doubt from all the circumstances in the case as to whether or not the defendant was armed with a weapon capable of producing death or great bodily harm your verdict should be not guilty.'' In view of these ambiguous instructions, the court should have given the instructions asked by the defendant above quoted. The only serious dispute being whether or not the gun was loaded, the defendant was entitled to an instruction upon that precise point. The anomalous verdict in this case is a good illustration of the result of refusing such instructions. To hold that the jury may have believed that the gun was loaded, and that the defendant

CXLIII. Cal.—5

attempted to discharge it, and therefore that the defendant was guilty of assault with a deadly weapon, but, out of regard for the defendant, found him guilty of assault only, would be to charge the jury with a disobedience of the instructions of the court and of their plain duty under the law to render a verdict according to the law and the evidence. Under the circumstances the jury must have either been misled as to the law or have willfully disregarded their duty. We cannot, in view of the ambiguous instructions, indulge the presumption that the latter was the case. For these reasons we think a new trial should have been granted.

The judgment and order are reversed and the cause remanded for a new trial.

Van Dyke, J., and Angellotti, J., concurred.