[Crim. No. 1162.  In Bank.—October 15, 1904.]

## THE PEOPLE, Respondent, v. W. H. WELLS, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—INTENT TO ASSAULT THIRD PERSON.—Where the accused made an assault with a deadly weapon, consisting of a loaded pistol, upon the prosecuting witness, under a mistake as to the person, and with intent to assault another person with the same weapon, the intent is transferred from such other person to the person so assaulted, and the accused was properly convicted of an assault with a deadly weapon upon him.

ID.—PRESUMPTION OF UNLAWFUL INTENT—SUPPORT OF VERDICT—JURISDICTION UPON APPEAL.—The pointing of a loaded pistol at the prosecuting witness, under the circumstances shown, was such an act as would raise a presumption that it was done with an unlawful intent; and there being evidence to support the verdict that the weapon was pointed at the prosecuting witness with a guilty intent, this court will not disturb the verdict.  The jurisdiction of this court in criminal cases is limited to questions of law alone.

ID.—EVIDENCE—DISCHARGE OF PISTOL AFTER ASSAULT.—Evidence was admissible to show that the defendant discharged the pistol after the termination of the assault therewith for the purpose of showing that it was loaded.

ID.—POSSESSION OF BRASS KNUCKLES—HARMLESS ERROR.—It was error to permit the arresting officer to testify that he found brass knuckles, besides the pistol, upon the person of the defendant; but the irregularity is not of sufficient importance to justify a reversal.

ID.—TESTIMONY OF DEFENDANT — INSTRUCTION — CAUTION TO JURY.— Where an instruction of the court cautioning the jury as to the testimony of the defendant was in effect the same as the instruction approved in the case of *People* v. *Cronin*, 34 Cal. 204, the judgment will not be reversed on account of it.

ID.—ERRONEOUS INSTRUCTION AS TO PROOF OF INSANITY.—Insanity is required to be established only by a mere preponderance of evidence; and it was erroneous for the court to instruct the jury that it must be "clearly established by satisfactory proof."

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial.  M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

R. E. Rhodes, Leonard B. Fowler, and George W. Mordecai, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

VAN DYKE, J.—The defendant was charged with assault with a deadly weapon with intent to murder, was tried, convicted of assault with a deadly weapon, and sentenced to imprisonment in the county jail for one year. An appeal is taken from the judgment and from the order denying defendant's motion for a new trial.

The first point made on behalf of the appellant is, that the evidence is insufficient to justify the verdict. The alleged assault was made on one McCartney near the town of Madera, in Madera County, at or near the house of Mrs. Northfield, where the said McCartney was boarding, and McCartney in giving his testimony says: ''I was standing at the northwest corner of the porch, and we were talking, and all of a sudden Mr. Wells appeared at the front gate; don't know where he came from. He passed through the gate but never said a word and he came right around and walked right in front of me; he laid his left hand on my right shoulder and at the same time he pulled a gun out of his pocket and throws it right up in my face; just within six or eight inches of my face and he says: 'I want my money.' He says: 'I have lost thirty-five dollars,' as well as I could understand him, and as he did, I reached with my left hand and jerked his gun down by his side. I said: 'I ain't got your money—I don't know anything about it.' The pistol was not more than six or eight inches from my face; it was pointed directly at my face. He says: 'Excuse me, I have got the wrong man.' Miss Northfield where she was milking when she seen the gun fly, she jumped up and run around the back way of the house and he quit me and started in the direction that she went, and he turned when he got a little from me—probably a couple of steps, and he says: 'Keep your hands down.' I says: 'I ain't got nothing but my jack-knife.' When he says 'Keep your hands down' I says 'Here is Hutson now.' I says: 'Maybe he knows something about your money.' Hutson was just driving up to the gate.'' It appears also that he then proceeded to make an assault with his pistol upon Hutson. It is contended on behalf of the appellant that the mere act of pointing the weapon at McCartney did not of itself amount to

the offense of an assault. The code defines an assault as follows: "An assault is an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another." (Pen. Code, sec. 240.) This is substantially the old or common-law definition of an assault. The evidence in this case showed that the pistol, or, as the witness calls it, a gun, was loaded, and, as McCartney testified, was pointed directly at his face, and within a short distance of it when he jerked it down. But it is contended also by appellant that the evidence shows that he had make a mistake in assaulting McCartney instead of Hutson, and therefore there was no intention on his part to make an assault upon McCartney. But where one intends to assault or kill a certain person, and by mistake or inadvertence assaults or kills another in his stead, it is nevertheless a crime, and the intent is transferred from the party who was intended to the other. In *People* v. *Suesser*, 142 Cal. 365, 367, this question was fully considered and a number of cases cited in support of this rule. The pointing of a loaded pistol under the circumstances here shown was such an act as would raise a presumption that the unlawful act was done with an unlawful intent. (Code Civ. Proc., sec. 1962; Pen. Code, sec. 21.) There being evidence to support the jury's finding that the weapon was pointed with guilty intent, this court will not disturb such finding, for in such case no question of law is presented and the jurisdiction of this court in criminal cases is limited to questions of law alone. (*People* v. *Fitzgerald*, 138 Cal. 40; *People* v. *Gonzales*, 143 Cal. 605; *People* v. *Donnolly*, 143 Cal. 394; *People* v. *Smith*, 143 Cal. 597.)

It is further contended that it was prejudicial error on the part of the court to permit the witness McCartney to be interrogated with reference to the discharge of the pistol by the defendant after the alleged commission of the assault upon him. But it was material to ascertain whether the pistol was loaded, and it was proper to admit evidence tending to show that fact, for unless it had been loaded it would not have been an assault. (*People* v. *Sylva*, 143 Cal. 62; *People* v. *Lee Kong*, 95 Cal. 666.[1]). Similar objection is made by appellant to the admission of the testimony of Mrs. Northfield as to the discharge of the pistol after the alleged assault upon Mc-

[1] 29 Am. St. Rep. 165.

Cartney. But this evidence was also admitted for the purpose of showing that when this alleged assault was made on Mc-Cartney the pistol was loaded, and, for the reasons already stated, it was material for that purpose, and a part of the *res gestæ.*

It appears that the arresting officer immediately after the commission of the offense. charged, found upon the person of the defendant the revolver in question, and also brass knuckles, and it is contended upon the part of the appellant that the court erred in allowing the officer to give testimony with reference thereto. Though we do not deem this irregularity of such importance as to justify a reversal, still it would have been much better as well as safer in practice not to have allowed the officer to be examined in reference to the brass knuckles or any other articles found upon the defendant at the time of his arrest excepting the pistol in question.

The defendant testified as a witness in his own behalf, and on the subject of his testimony the court gave three instructions, which should perhaps be considered together as a single instruction. They are as follows:—

"22. The defendant has been examined as a witness in his own behalf; this it is his right to be, and the jury will consider his testimony as they would that of any other witness examined before you.

"23. It is proper for the jury, however, to bear in mind the situation of the defendant, the manner in which he may be affected by the verdict, and the very grave interest he must feel in it; and it is proper for the jury to consider whether this position and interest may not affect his credibility or color his testimony.

"24. But it is your duty to consider it fairly and give it such credit and weight as you think it is entitled to receive."

Appellant's counsel objects to the above instruction No. 23 on the ground that it is unfair to the defendant and that it invades the province of the jury. He admits that it is substantially the same as the one approved in *People* v. *Cronin,* 34 Cal. 204, but he thinks that case is not good law and should be modified. In the recent case of *People* v. *Tibbs,* 143 Cal. 100, however, this court said of a similar instruction: "This instruction was in effect the same as an instruction given in the case of *People* v. *Cronin,* . . . and there held to be correct.

It has since been frequently held that where this instruction, though it may be regarded as erroneous, is kept well within the language considered in the Cronin case, the judgment will not be reversed on account of it. (*People* v. *Van Ewan*, 111 Cal. 144.) . . . It only undertakes to lay down for the guidance of the jury a matter that they would be apt to know about and act upon without any such instruction."

One of the defenses was insanity, caused by excessive intoxication, and the court gave the following instruction (No. 9) bearing upon such defense: "As has been said, in criminal cases the guilt of the accused must always be established to a moral certainty and beyond a reasonable doubt, and while the burden of proof is upon the defendant to establish the fact of his insanity at the time of the commission of the alleged act, when that plea is interposed, yet he does not have to make proof of it to a moral certainty and beyond a reasonable doubt, but only to your entire and perfect satisfaction." We do not agree with the criticism of the defendant that the language used in this instruction is equivalent to saying that the defense should be established beyond all reasonable doubt, but the last clause of the instruction should have been omitted. Another instruction (No. 26), also bearing on this subject, reads as follows: "Where insanity is relied upon as a defense, the burden of proof is on the defendant. The proof must be such in amount that if the single issue of the insanity or sanity of the defendant should be submitted to the jury in a civil case, it must find that he was insane. In other words, insanity must be *clearly established by satisfactory proof.*" This last instruction is almost in the exact language of the one condemned in *People* v. *Wreden*, 59 Cal. 393. The instruction there was as follows: "I charge you that where insanity is relied upon as a defense, the burden of proof is on the defendant, and the proof must be such in amount that if the single issue of sanity or insanity of the defendant should be submitted to the jury in a civil case, they would find that he was insane, or, in other words, that *insanity must be clearly established* by *satisfactory proof;* it is not sufficient that you should entertain a reasonable doubt as to his sanity, but the proof must be satisfactory and the fact of insanity *clearly established.*" This court, in commenting upon that instruction, after stating the rule that such a defense was required to be

established by a mere preponderance of evidence, says: "Is not the expression '*clearly* established by satisfactory proof' the full equivalent of 'established by satisfactory proof beyond a reasonable doubt'? How can a fact be said to be clearly established so long as there is a reasonable doubt whether it has been established at all? There can be no 'reasonable doubt' of a fact after it has been clearly established by satisfactory proof." After citing the definitions in Webster with reference to *clearly* and in a *clear manner,* and also the charge of Chief Justice Shaw in *Commonwealth* v. *Webster,* 5 Cush. 320,[1] bearing upon this point, this court concludes, "Under the instruction given it was the duty of the jury to require that the defense of insanity should at least be proven beyond a reasonable doubt. This was error." And the court reversed the case for that reason. We have not been referred to a case, nor do we know of one in this court, overruling or modifying the decision in *People* v. *Wreden,* 59 Cal. 393. On the contrary, in *People* v. *Allender,* 117 Cal. 81, the court instructed the jury that the burden rested upon the defendant of proving his insanity by a preponderance of evidence merely. "The principle of law thus declared is in full accord with the law of this state. For a period of thirty years this court has repeatedly and uniformly so declared the law to be. The cases to that effect are numbered by the score"— referring to a large number of cases.

For the error in giving the instruction in question on the plea of insanity the judgment and order must be reversed and the cause remanded, and it is so ordered.

Shaw, J., Angellotti, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

---

[1] 52 Am. Dec. 711.