[Crim. No. 1269.   First Appellate District, Division One.—March 26, 1926.]

## THE PEOPLE, Respondent, v. EDWARD EGAN, Appellant.

[1] CRIMINAL LAW—ROBBERY—VERDICT—EVIDENCE.—In this prosecution for the crime of robbery committed by defendant and another, the evidence was sufficient to sustain the verdict of the jury finding the defendant guilty.

[2] ID.—ALIBI—WEIGHT OF TESTIMONY—QUESTION FOR JURY.—In such prosecution, the question of the weight that should be attached to the testimony given in support of defendant's defense of alibi was one for the jury to determine.

[3] ID.—ACCUSATORY STATEMENT—ACTS AND CONDUCT OF ACCUSED PERSON—ADMISSIBILITY OF.—The acts and conduct of an accused person, when a statement of his guilty participation in the crime is made in his presence, may be presented to the jury as circumstances tending to show an implied admission of the truth of such statements.

[4] ID.—SILENCE OF DEFENDANT—ADMISSION OF GUILT—INSTRUCTIONS. Where an accusatory statement was read to the defendant in the presence of the person making it, and the defendant, after being fairly afforded an opportunity to make a reply, made no reply to the statement, the circumstance of his silence was proper evidence to be considered by the jury as indicating an admission of guilt; and where the trial court made it clear to the jury that the only purpose for which the statement was received in evidence was to show the acquiescence or admission on the part of defendant in the face of the accusatory charges, and the jury was furthermore instructed that unless they were convinced beyond a reasonable doubt that defendant did stand mute

3. See 8 Cal. Jur. 103; 1 R. C. L. 478.
4. See 8 Cal. Jur. 103.

when the accusatory statements were made, the matter should be entirely disregarded, no error is shown.

[5] Id.—Robbery — Use of Pistols — Judicial · Notice — Unloaded Pistol — Dangerous Weapon — Construction of Section 211a, Penal Code.—It is a matter of common knowledge that in committing robbery pistols are frequently used as bludgeons rather than as firearms; and the fact, therefore, that a person perpetrating such crime is armed with a pistol is enough to justify the conclusion that the pistol used by him is a "dangerous" weapon within the meaning of section 211a of the Penal Code, even though it be not loaded.

[6] Id. — Degree of Robbery — Allegation not Essential. — In a prosecution for robbery, an allegation in the information of facts showing the degree of the robbery is not essential.

---

(1) 15 C. J., p. 916, n. 90, p. 919, n. 1; 34 Cyc., p. 1808, n. 78. (2) 16 C. J., p. 924, n. 36, p. 929, n. 86, p. 930, n. 93. (3) 16 C. J., p. 631, n. 68, 70. (4) 16 C. J., p. 632, n. 82, p. 633, n. 83, p. 1004, n. 41. (5) 16 C. J., p. 512, n. 57; 34 Cyc., p. 1800, n. 29. (6) 34 Cyc., p. 1802, n. 38.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Harry McKenzie for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—About midnight on October 28, 1924, P. I. Jacoby and wife, upon entering their home on Jackson Street, in San Francisco, were confronted by two masked men armed with a black automatic revolver and robbed of jewelry valued at twelve thousand dollars. The defendant Edward Egan was accused and convicted as being one of those committing the robbery. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.

---

5. See 22 Cal. Jur. 839.
6. See 22 Cal. Jur. 845.

[1] The first point urged for reversal is that the evidence is legally insufficient to sustain the verdict. The appellant Egan was charged jointly with one John H. Smith with the commission of the crime. They were tried separately, and each was convicted of robbery in the first degree. The evidence adduced by the prosecution in both cases was the same. Owing to the fact that the men perpetrating the crime were masked, the Jacobys were unable to recognize Smith or appellant as being either of the robbers, but their guilt was established by circumstantial evidence. Smith was tried and convicted first. He appealed, and one of the questions raised was the sufficiency of the evidence. The judgment of conviction was affirmed by division two, district one, of this court (*People* v. *Smith*, 74 Cal. App. 510 [241 Pac. 267]), and afterward a petition for a hearing before the supreme court was denied. All of the important circumstances connecting Smith and appellant with the commission of the crime and upon which their convictions were based are set forth in the opinion rendered on that appeal. The correctness of the statement of those circumstances is not challenged by appellant herein except as to one or two matters which we deem immaterial. We are of the opinion, therefore, that the decision in the Smith case is controlling here upon the question of the sufficiency of the evidence. [2] True, in the instant case appellant endeavored to establish an alibi, but the question of the weight that should be attached to the testimony given in support of that defense was one for the jury to determine, and the fact that appellant was found guilty would seem to prove that the jury was not impressed with its truth.

Appellant further contends that the trial court erred in receiving in evidence over appellant's objection a written accusatory statement made and signed by one Harry Wright, referred to also in the opinion in the Smith case. The circumstances leading up to the making of said statement and its subsequent use by the prosecution were as follows: Three days after the robbery was committed, Wright, Smith, and appellant, the latter being known to Wright as Brown, were arrested in front of Wright's clothes-cleaning establishment on Gough Street, San Francisco, while seated in a Ford sedan talking to a woman named Mamie Manning. They were taken into Wright's place of

business and after a search was made the stolen jewelry was found in Wright's pocket, and a black automatic revolver resembling the one used in the robbery was discovered in the pocket of a garment hanging in the room. Wright thereupon stated in the presence of Smith and appellant that he had obtained the jewelry from them; also that he had seen the revolver in appellant's possession that morning. To these accusatory statements Smith and appellant made no reply. Later, on the same day, Wright made and signed a written statement in which he related all of his dealings with appellant and Smith subsequent to the robbery, including the manner in which the latter two had brought the jewelry to his place of business and tried to dispose of it to other persons; also the fact that appellant had possession of the revolver. He likewise detailed a number of conversations had with them which were accusatory in their nature and directly connected them with the commission of the crime. On that same evening two police detectives read Wright's statement to appellant and Smith in Wright's presence, and they were asked if they had anything to say. There is a conflict in the evidence as to the nature of appellant's reply. The two officers testified that appellant's only reply was that he "had nothing to say." Mamie Manning and appellant testified that his reply was that he "had nothing to do with it," that he was innocent. The trial court allowed the written statement to be received in evidence, stating at the time that at the request of appellant or upon the court's own motion the jury would be instructed as to how the statement should be regarded. The court afterward gave to the jury the following instructions regarding it: "It has become a well settled rule that when a defendant under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstances of his silence may be taken against him as evidence indicating an admission of guilt. The reason for admitting the accusation in such cases is to explain the conduct of the accused. And in that connection and with particular reference to the statement which has been read to you, I instruct you that you must first find that the defendant did stand mute, and if there is a conflict of evidence on that point, you must find the fact beyond all reasonable doubt. If you have any

reasonable doubt as to whether or not the defendant stood mute upon being confronted with this accusation, you must entirely disregard the statement. And the statement, by itself, means absolutely nothing, is proof of nothing, until such time as you connect up with it the conduct of the defendant upon this accusatory statement, if you find it to be an accusatory statement confronting him. Your theory and the manner in which you will proceed on that is: you will ignore the statement entirely; first take the defendant, then the statement being read to him; if you do not find beyond a reasonable doubt that he did stand mute, then disregard the statement entirely. If, however, you find beyond a reasonable doubt, that this defendant, under conditions which afforded him an opportunity to reply, stood mute in the face of accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of the facts in the statement contained.''

[3] The rule is well settled that the acts and conduct of an accused person, when a statement of his guilty participation in the crime is made in his presence, may be presented to the jury as circumstances tending to ' show an implied admission of the truth of such statements. (*People* v. *Ong Mon Foo,* 182 Cal. 697 [189 Pac. 690] ; *People* v. *Shelest,* 62 Cal. App. 213 [216 Pac. 389] ; *People* v. *Bishop,* 54 Cal. 129; *People* v. *Amaya,* 134 Cal. 531 [66 Pac. 794].)

[4] The accusatory statement in the instant case was read to appellant in the presence of Wright, and appellant, being asked if he had anything to say, was fairly afforded an opportunity to make a reply. If, under those conditions, he made no reply to the accusatory statements, the circumstance of his silence was proper evidence to be considered by the jury as indicating an admission of guilt. (*People* v. *Ayhens,* 16 Cal. App. 618 [117 Pac. 789].) The court made it clear to the jury that the only purpose for which the statement was received in evidence was to show acquiescence or admission on the part of appellant in the face of the accusatory charges, and the jury was furthermore instructed that unless they were convinced beyond a reasonable doubt that appellant did stand mute when the accusatory statements were made, the matter should be entirely dis-

regarded. We are of the opinion that in this state of the record no error has been shown.

Appellant urges also that the evidence is insufficient to sustain a conviction of first degree robbery because it did not appear that the revolver used in the perpetration of the crime was loaded. In support of this point appellant cites the case of *People* v. *Sylva,* 143 Cal. 62 [76 Pac. 814]. That case is not in point, however, because it involved the construction of the term "deadly weapon" as used in the code section defining the crime of assault with a deadly weapon (Pen. Code, sec. 245), which is a different term from the one employed in the code section defining first degree robbery. The latter section declares that "all robbery . . . perpetrated . . . by a person armed with a *dangerous* or deadly weapon is robbery of the first degree." (Pen. Code, sec. 211a. Italics ours.) **[5]** It is a matter of common knowledge that in committing robbery pistols are frequently used as bludgeons rather than as firearms. The fact, therefore, that a person perpetrating such crime is armed with a pistol is enough to justify the conclusion that the pistol used by him is a "dangerous" weapon within the meaning of said section 211a of the Penal Code, even though it be not loaded.

**[6]** The remaining point made by appellant is that the information was defective in that it failed to allege facts showing the degree of the robbery charged. In cases of murder, arson, and burglary it has been held that allegations for such purpose are not essential (*People* v. *Nichol,* 34 Cal. 211; *People* v. *Russell,* 81 Cal. 616 [23 Pac. 418]; *People* v. *Smith,* 136 Cal. 207 [68 Pac. 702]; *People* v. *Jefferson,* 52 Cal. 452), and no valid reason appears why a different rule of pleading should be required in charging the crime of robbery. The point is therefore without merit. The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.