[Crim. No. 1449.   Second Appellate District, Division One.—March 17, 1927.]

## THE PEOPLE, Respondent, v. WILLIAM E. SHAFFER, Appellant.

[1] CRIMINAL LAW — BURGLARY — ROBBERY—CONVICTION OF BOTH OFFENSES—EVIDENCE.—The defendant was properly convicted of both burglary and robbery, where he entered a store with the intent to commit the crime of grand larceny, and then by force and fear took from the possession of one of the occupants of the store a check of a stated value.

[2] ID.—IDENTIFICATION—EVIDENCE.—In this prosecution for burglary and robbery, the evidence was sufficient to connect the defendant with the crime as charged.

[3] ID.—ROBBERY—UNLOADED REVOLVER.—In such prosecution, defendant's contention that he could not be properly convicted of robbery in the first degree because there was no direct proof that the revolver used by him was loaded, is not well taken, as an unloaded revolver is a "dangerous" weapon within the meaning of section 211a of the Penal Code.

[4] ID.—CONFESSIONS—EVIDENCE.—In such prosecution, the trial court did not err in admitting in evidence the confession of defendant, where, at the most, the testimony of the witnesses for the prosecution and that of the defendant was in conflict as to the voluntary character of the confession.

[5] ID.—EVIDENCE—CONFESSION—PROPER RULING.—In such prosecution, the ruling of the trial court, made after the confession of defendant had been received in evidence and when an officer was testifying that defendant had said the gun offered in evidence was the one he used in the robbery, that defendant could not at that time take the stand and testify concerning the voluntary character of his confession, except as part of his own case, was proper, but if this was error, the defendant was not prejudiced thereby, inasmuch as the prosecution closed its case immediately upon the confession being received in evidence and the testimony of the defendant was then given.

[6] ID.—VOLUNTARY CHARACTER OF CONFESSION—QUESTION FOR TRIAL COURT—APPEAL.—Whether or not a confession is free and voluntary is a preliminary question addressed to the trial court; and a reviewing court cannot say that the trial court committed error in

---

1.   *See* 8 *Cal. Jur.* 399.
3.   See 22 Cal. Jur. 839.
6.   See 8 Cal. Jur. 115; 1 R. C. L. 583.

admitting a confession of guilt unless such error appears as a matter of law from the record presented.

[7] ID.—DISCRETION—CONFLICTING EVIDENCE—PRESUMPTION.—The trial court is clothed with considerable discretion in determining whether or not a confession was free and voluntary; and where the evidence is conflicting on the subject, it must be assumed that the testimony concerning defendant's confession was properly admitted.

[8] ID. — UNEXPLAINED POSSESSION OF STOLEN PROPERTY — INSTRUCTIONS.—In such prosecution, the trial court did not commit error in giving an instruction declaring in substance that the mere possession of stolen property, unexplained by the defendant, however soon after taking, was not sufficient to justify a conviction of larceny, but was a circumstance tending in some degree to show guilt; nor did it err in refusing to give a requested instruction, the substance of which was included in the given instruction.

---

(1) 16 C. J., p. 1105, n. 5, p. 1281, n. 29.   (2) 9 C. J., p. 1074, n. 8; 34 Cyc., p. 1809, n. 82.   (3) 34 Cyc., p. 1797, n. 8.   (4) 16 C. J., p. 717, n. 39.   (5) 16 C. J., p. 734, n. 13; 17 C. J., p. 335, n. 13.   (6) 16 C. J., p. 735, n. 34.   (7) 16 C. J., p. 735, n. 35; 17 C. J., p. 222, n. 25.   (8) 16 C. J., p. 1063, n. 85; 36 C. J., p. 941, n. 82.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marshall A. Stutsman for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

McLUCAS, J., *pro tem.*—The defendant was convicted under two counts of the information charging robbery and burglary. Judgment was rendered on each of said counts. Defendant appeals from the judgments and from the order denying defendant's motion for a new trial.

On July 10, 1926, about the hour of 9:30 P. M., a man wearing a burnt-cork mask entered the store of R. C. Welliver in Los Angeles, drew and cocked a revolver, held up

---

8.  Possession of stolen property as evidence of guilt, note, 101 Am. St. Rep. 481. See, also, 8 Cal. Jur. 46; 8 R. C. L. 187.

the occupants of the store, thereby obtaining a check for $56.88, together with other checks and money. On July 12th the defendant, having indorsed the above-mentioned check, deposited the same in an account which he opened with the Citizens Trust and Savings Bank. Welliver and Brownell, two of the occupants of the store, gave testimony tending to identify the defendant. The defendant's landlady testified that the defendant was absent from home between the hours of 7:30 and 10:30 P. M. on July 10th, and that upon his return he washed his face and hands. The officer who searched the defendant's room testified that he found a Colt .45 revolver loaded with five shells, a leather holster and belt with thirteen cartridges, and a braided leather sap. The confession of the defendant was admitted in evidence, in which the defendant confessed to the robbery and stated that he used the gun offered in evidence at the time of the commission of the crime, but denied that it was loaded. The only evidence offered by the defendant was his testimony that the confession was obtained from him through a promise by the officers to help the defendant obtain probation and through certain other promises and threats.

[1] Defendant's first point is that the trial court erred in permitting the jury to bring in two verdicts, one under each count, and in pronouncing judgment on each of said verdicts. Defendant is mistaken in his contention. Defendant committed the crime of burglary when he entered the store of R. C. Welliver with the intent to commit the crime of grand larceny. Had defendant taken no further action he could not have been charged with a further offense, but when defendant by force and fear took from the possession of R. C. Welliver one check of the value of $56.88 defendant committed the separate crime of robbery. The numerous cases cited by defendant are beside the point. In reply thereto it is only necessary to cite two cases decided by this court. In *People* v. *Sharp,* 58 Cal. App. 637 [209 Pac. 266], where the facts were very similar to those in the instant case, it was held that the defendant was properly convicted of both burglary and robbery. In *People* v. *Snyder,* 74 Cal. App. 138 [239 Pac. 705], it is said at page 706: "It is first contended by appellant that the two offenses charged, being based upon one single act or transaction, constitute only one offense, and although, under section 954 of the Penal Code,

the two offenses might be charged in separate counts of the information, the defendant could be found guilty of and punished for but one offense. This question seems to have been definitely settled by the Supreme Court of this state adversely to appellant's contention." (*People* v. *Garnett,* 29 Cal. 622, 628; *People* v. *Curtis,* 76 Cal. 57 [17 Pac. 941].) In *People* v. *Devlin,* 143 Cal. 128 [76 Pac. 900], the court said: "It is evident that one can commit burglary by entering a building with intent to commit any felony, such as rape, robbery, arson, or murder. It is also evident that the crime consists of the entry with the intent set forth in the statute. After one has entered a building with intent to commit any other felony than grand or petit larceny, he has committed burglary, but he may then find that it is impossible, for various reasons, to commit the felony which it was his intention to commit when he entered, and conclude to commit larceny by stealing some article of value in the building. He thus, in rapid succession, commits two crimes. Indeed, after he has committed burglary he might under favorable circumstances commit any felony named in the statute."

[2] Defendant next urges that the verdict is contrary to the evidence by reason of lack of identification of the defendant. We think the evidence as heretofore stated, taken with the partial identification of the defendant by two witnesses, and defendant's confession, was sufficient to connect the defendant with the crime as charged.

[3] Appellant's next contention is that the accused was not armed with a deadly weapon because there was no direct proof that the revolver was loaded, and for that reason defendant could not be convicted of robbery in the first degree. We do not believe this point to be well taken. An unloaded revolver is a "dangerous" weapon within the meaning of section 211a of the Penal Code. In *People* v. *Egan,* 77 Cal. App. 279 [246 Pac. 337], it is said at page 338: "Appellant urges also that the evidence is insufficient to sustain a conviction of first degree robbery because it did not appear that the revolver used in the perpetration of the crime was loaded. In support of this point appellant cites the case of *People* v. *Sylva,* 143 Cal. 62 [76 Pac. 814]. That case is not in point, however, because it involved the construction of the term 'deadly weapon' as used in the code section de-

fining the crime of assault with a deadly weapon (Pen. Code, sec. 245), which is a different term from the one employed in the code section defining first degree robbery. The latter section declares that: 'All robbery . . . perpetrated . . . by a person armed with a *dangerous* or deadly weapon is robbery of the first degree.' (Pen. Code, sec. 211a. Italics ours.) It is a matter of common knowledge that in committing robbery pistols are frequently used as bludgeons rather than as firearms. The fact, therefore, that a person perpetrating such crime is armed with a pistol is enough to justify the conclusion that the pistol used by him is a 'dangerous' weapon within the meaning of section 211a of the Penal Code, even though it be not loaded.

[4] The defendant further urges that defendant's confession should not have been received in evidence. We find no error in the admission of this confession. The witnesses for the People testified that the confession was given freely and voluntarily, and was not obtained by the use of force or threats or fear, or hope of reward or immunity. This testimony was not shaken by cross-examination on the *voir dire*. Defendant took the witness-stand and testified by way of defense that the officers obtained the confession through a promise to help him obtain probation and other promises and threats. This was denied by the officers. Counsel for defendant concluded his cross-examination on *voir dire*, and the confession was admitted in evidence over appellant's objection. [5] After the confession was read to the jury, Officer Clark was recalled to the stand for further direct examination and testified that defendant had said the gun offered in evidence was the one he used in the robbery. At this stage during further cross-examination of Officer Clark, counsel for defendant, after the confession had been received in evidence, offered to have the defendant take the stand and testify concerning the voluntary character of his confession. The trial court then ruled that defendant could not at that time take the stand and so testify, except as a part of his own case. We think the ruling proper, but if this be error the defendant was not prejudiced thereby, inasmuch as the prosecution closed its case immediately upon the confession being received in evidence and the testimony of the defendant was then given. At the most, the testimony of the witnesses for the People and that of the defendant were in con-

flict as to the voluntary character of the confession.   Under such circumstances, it must be assumed that the testimony concerning defendant's confession was properly admitted. [6] As stated in *People* v. *Castello,* 194 Cal. 595, 599 [229 Pac. 855] : "The rule is well settled that whether or not a confession is free and voluntary is a preliminary question addressed to the trial court. (*People* v. *Loper,* 159 Cal. 6 [Ann. Cas. 1912B, 1933, 112 Pac. 720] ; *People* v. *Siemsen,* 153 Cal. 387 [95 Pac. 863] ; *People* v. *Grafft,* 61 Cal. App. 7 [214 Pac. 273] ; *People* v. *Middleton,* 65 Cal. App. 175 [223 Pac. 448].) A reviewing court cannot say that the trial court committed error in admitting a confession of guilt unless such error appears as a matter of law from the record presented. [7] The trial court is clothed with considerable discretion in determining whether or not the confession was free and voluntary. (See authorities last above cited.) Where the evidence is conflicting on the subject it must be assumed that the testimony concerning defendant's confessions was properly admitted. (*People* v. *Tugwell,* 28 Cal. App. 348 [152 Pac. 740].)"

[8] Finally, defendant complains of instruction "A" given by the court, upon the request of the jury for further instructions after several hours' deliberation, and also of the court's refusal to give defendant's instruction submitted at the same time. Instruction "A" reads as follows: "You are instructed that the mere possession of stolen property, unexplained by the defendant, however soon after taking, is not sufficient to justify a conviction of larceny, it is a circumstance, which taken in connection with other testimony, is to determine the question of guilt. Yet, if you believe, from the evidence, that the defendant was found in the possession of the property which you are satisfied was stolen from E. C. Welliver, or claiming to be the owner thereof, after the alleged taking, this is a circumstance tending in some degree to show guilt, but not sufficient, standing alone and unsupported by other evidence, to warrant you in finding him guilty. There must be, in addition to proof of possession of stolen property, proof of corroborating circumstances tending of themselves to establish guilt. These corroborating circumstances may consist of acts, or conduct or declarations of the defendant, or any other circumstances tending to show the guilt of the accused.

"If the jury believe the property was stolen, and was seen in the possession of defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such."

Defendant's requested instruction is as follows: "The Court Instructs the Jury That—the Possession of Stolen Property—standing alone is not sufficient to support a conviction of Larceny—and if you find from the evidence that the fact of possession—if you believe that fact and it is not corroborated by other facts in evidence which you believe beyond a reasonable doubt—then you should acquit the defendant."

We see no error either in giving the requested instruction or in refusing defendant's instruction because included in instruction "A."

The judgment and order denying motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.