THE PEOPLE, Respondent, v. GEORGE HALL, Appellant.

C. H. McCray for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant entered a plea of guilty to a charge of robbery and the court thereupon took evidence to determine the degree of the crime and adjudged the defendant guilty of robbery of the first degree. The defendant has appealed from the judgment.

"All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is

robbery in the first degree. All other kinds of robbery are of the second degree.'' (Pen. Code, sec. 211a.)

Appellant contends that the court erred in refusing to admit in evidence the transcript of the testimony taken at the preliminary examination of the defendant. The witnesses who testified at the preliminary examination also testified at the hearing in the superior court to determine the degree of the crime and were there cross-examined by counsel for defendant. In offering such transcript in evidence, counsel for defendant said: ''I don't say that it will impeach them (the witnesses) in any respect.'' No foundation was laid for impeachment of any of the witnesses. The ruling was not error.

It is also contended that the evidence does not show that the gun used by defendant in committing the crime was loaded. The men who were robbed testified that the defendant drew a gun on them, ordered them to hold up their hands and lined them up with their faces to the wall and then took their money from their persons. These men did not know whether the gun was loaded. It was stipulated that the sheriff of Tuolumne County, if called as a witness, would testify that ''he took a 38 calibre magazine from a 38 automatic revolver from Blackie Kennedy . . . on the night of the 19th of April, 1927,'' and kept the magazine, but left the revolver in Kennedy's possession. The robbery charged in this case was committed April 26, 1927. The defendant testified that the revolver used in the robbery was given to him by Kennedy a few days before the robbery, that it did not have a magazine at that time, that Kennedy said ''that I could find one for it,'' and that it had no magazine at the time of the robbery. It also appears that the defendant had possession of the revolver when he was arrested, about six weeks or two months after the robbery, and that it had no magazine at that time. It is not difficult to procure a magazine for such a weapon and the defendant may have procured one after the revolver was given to him, if it was so given to him. The only evidence in support of the defendant's contention that the revolver was not loaded is his own testimony to that effect. Few criminals would ever be convicted if their explanations were always accepted as gospel truth. They do not usually arm themselves with unloaded guns when they go out to commit

robberies, and in this case. the court was not bound to accept the defendant's statement that the gun was unloaded when the circumstances indicated the contrary. The defendant's acts and the language used by him in the commission of the robbery constituted an admission by conduct, an implied assertion that the gun was loaded. (*People* v. *Montgomery*, 15 Cal. App. 315 [114 Pac. 792]; *People* v. *Seawright*, 72 Cal. App. 414 [237 Pac. 796].) It has been held that an unloaded revolver is a dangerous weapon within the meaning of section 211a of the Penal Code. (*People* v. *Egan*, 77 Cal. App. 279 [246 Pac. 337]; *People* v. *Shaffer*, 81 Cal. App. 753 [254 Pac. 666].)

██ Appellant contends that the evidence shows that the particular man he is charged with having robbed "was not afraid." Whether or not the victim of the robbery was put in fear was not a subject of inquiry at the hearing before the court. The defendant's plea of guilty precluded any such inquiry, because such plea was a conclusive admission that the taking was "accomplished by means of force or fear." (Pen. Code, sec. 211.)

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.

