[Crim. No. 1550. First Appellate District, Division Two.—October 18, 1929.]

THE PEOPLE, Respondent, v. HAROLD SEAMAN et al., Appellants.

Milton T. U'Ren and Thomas M. Foley for Appellants.

U. S. Webb, Attorney-General, and Waldemar Augustine, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendants charging them with robbery. The defendants appeared and each pleaded not guilty. They were tried together before the trial court sitting with a jury. It returned separate verdicts finding each defendant guilty of robbery in the first degree. The defendants made a motion for a new trial. The motion was denied. From a judgment entered on the verdicts and from the order denying a new trial the defendants have appealed.

The defendants contend that the evidence does not justify a judgment greater than that of second degree robbery. They call to our attention that the defendant John Nissrod was the active operator. That on the ninth day of March, 1929, he entered Compton's restaurant at No. 8 Kearny Street, San Francisco, and went to the mezzanine floor where Edward Lessner was making up the cash. Nissrod entered the room where Lessner was and, holding a pistol in one hand, he pointed it at Lessner and called upon him to throw up his hands, which Lessner did. Nissrod then approached Lessner, still holding the pistol pointed at him, and took out of Lessner's pocket Lessner's key. Lessner testified that he threw up his hands out of fear and that the money, which approximated one thousand dollars, was taken against his will and without his consent. A pistol was produced which Nissrod admitted was the weapon which he had used. When the pistol was produced in the courtroom

it was unloaded, and Nissrod testified that it was not loaded when he committed the robbery. There was no evidence Nissrod shot the pistol and there was no evidence that he used it as a club with which to hammer or beat Lessner.

Under this condition of the record the defendants contend that the pistol was neither a "deadly weapon" nor a "dangerous weapon." They cite and rely on *People* v. *Sylva,* 143 Cal. 62 [76 Pac. 814]; *People* v. *Wells,* 145 Cal. 138 [78 Pac. 470]; *People* v. *Bennett,* 37 Cal. App. 324 [173 Pac. 1004]; *People* v. *Montgomery,* 15 Cal. App. 315 [114 Pac. 792]. Those authorities are not necessarily in point. Each involved a consideration of the statute defining an assault with a deadly weapon. In the cases relied upon the question arose as to whether the offense charged had been committed. In the instant case the commission of an offense is not even denied. The sole question is the degree. The contention made by the defendants cannot be sustained for several reasons. The statute (Pen. Code, sec. 245) defining an assault with a deadly weapon is worded as follows: "Every person who commits an assault upon the person of another with a *deadly* weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable," etc. It will be noted that the statute does not even mention a dangerous weapon. Whereas section 211a of the Penal Code is as follows: "All robbery which is perpetrated . . . by a person being armed with a dangerous or deadly weapon is robbery in the first degree." ▋ If we adopt the contention of the defendants we give no force or effect to the word "dangerous." However, it is a fundamental rule that in construing a statute some force and effect must be given to every word. ▋ The defendants contend that whether a certain weapon is dangerous depends upon how it is used, not how it might have been used. (5 C. J., p. 737.) Conceding that to be the rule in assault cases the same rule is not true since the amendment of our statute as to robbery cases. The gravamen of an alleged assault is the attack. The authorities cited and relied on by the defendants are to the effect that in assault cases if a pistol is not loaded and it is used merely as a firearm there is wanting "a present ability" and therefore no attack. ▋ The gravamen of an alleged robbery is the taking, by means of force or fear, of personal property in the possession of another from his

person or immediate presence. The taking, and the appearance created by the perpetrator, both being admitted, the offense is complete. If a person is about to commit a robbery there are several courses open to him. If he goes empty-handed he may succeed or he may fail and in addition thereto he may be killed. If he succeeds in committing the offense and is thereafter tried he will have the benefit of claiming robbery in the second degree. On the other hand, if he uses a gun or other weapon mentioned in the statute and succeeds in committing the robbery and is put on trial, then it will be a question for the jury to decide whether the crime was first degree or second degree. The mere fact that on the trial the defendant testified that his gun was not loaded does not require the jury to believe such testimony. (*People* v. *Hall,* 87 Cal. App. 634, 635 [262 Pac. 50].)

 Still presenting the same theory the defendants complain because the trial court refused to give an instruction worded as follows: "In this connection the court instructs you that if you have any reasonable doubt as to the degree of the crime then it is your duty to find that the robbery was robbery in the second degree." The court did not err. Speaking of the case generally, the court had fully instructed on reasonable doubt. It was not called upon to repeat itself nor to address a specific instruction to the specific item of evidence "was the pistol loaded or unloaded." Moreover, as the defendant Nissrod had taken the stand and had admitted having committed robbery in the manner hereinabove delineated, there was no reasonable ground of doubt that the offense was perpetrated " . . . with a dangerous or deadly weapon."

 From *People* v. *Seawright,* 72 Cal. App. 414 [237 Pac. 798], the defendants copied from page 420 a part of the last paragraph on that page and which is a portion of a concurring opinion only. Thereupon they presented the copy in the form of an instruction, which was refused and at this time they complain of the refusal. The trial court did not err. It has frequently been said that instructions may not be made in that manner. The instant case is a striking illustration. The proposed instruction was highly argumentative. It was, in short, a speech on the subject of whether the pistol was loaded or unloaded. The trial

court was not called upon to pick out that specific portion of the record and address an instruction thereto. If it had done so its act would have been accepted by the jury as indicating how the evidence impressed the mind of the trial judge.

We find no error in the record. The judgment and order are affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellants for a rehearing of this cause was ordered stricken from the files by the District Court of Appeal on November 2, 1929, and the following opinion then rendered thereon:

THE COURT.—■ This court having heretofore filed its opinion in the above-entitled matter on the eighteenth day of October, 1929, and the appellants' petition for a rehearing not having been filed until November 1, 1929, the latter comes too late and should be stricken from the file. It is so ordered.