[Crim. No. 2141. Second Appellate District, Division Two.—November 16, 1931.]

THE PEOPLE, Respondent, v. NEAL G. HAYES, Appellant.

M. Herzig for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—By an information consisting of two counts, filed in the Superior Court of Los Angeles County, the appellant was charged with having wilfully, unlawfully and feloniously taken from the person and possession and in the immediate presence of another certain specified amounts of money, by means of force and by putting said person in fear. Pursuant to a trial by jury he was found guilty of robbery of the first degree upon the first count, and guilty of robbery of the second degree upon the second count. A motion for a new trial was made, which was denied, and the defendant appealed from the resultant judgment and from the ruling upon said motion.

According to the testimony of the prosecuting witness, and statements of the defendant to an officer, Hayes caused the prosecuting witness to refer to certain accounts in her place of business, then demanded: "Never mind, you won't find my name there, it is just a hold-up; give me the money you have in the register"; that upon a second occasion he made a like demand for money; that the amounts of money were extorted as alleged, on the first visit by aiming a revolver at the proprietress, and the next time with one hand in his coat pocket in a threatening manner but without withdrawing a weapon. The defendant's victim testified that she was exceedingly frightened in each instance. She identified the pistol offered in evidence as one similar to that used in the robbery first mentioned, and an officer swore that Hayes admitted to him that it was the revolver with which he committed the crime first charged. When found by officers among the effects of the accused, the weapon was loaded.

It is first contended that the verdict of robbery of the first degree is unsupported by allegation, or evidence tending to show, that the first offense was committed by the appellant while armed with a *loaded* dangerous or deadly weapon. ■ It is sufficient that an information follow the language of the statute, without alleging the degree of such an offense or the facts from which the degree may be determined. (*In re Colford*, 68 Cal. App. 308 [229 Pac. 63].) ■ And one who feloniously takes personal property in possession of another, from his person or immediate presence, by means of force or fear, is guilty of robbery in the first degree if the crime be committed while the perpetrator is armed with a dangerous or deadly weapon. (Pen. Code, secs. 211, 211a.) Under the circumstances of such a case it was not required that proof of the actual loading of the weapon which was pointed at a shooting distance with threats should be exacted. (*People* v. *Seawright*, 72 Cal. App. 414 [237 Pac. 796]; *People* v. *Wysong*, 86 Cal. App. 329 [260 Pac. 829]; *People* v. *Hall*, 87. Cal. App. 634 [262 Pac. 50].)

■ Error is assigned without specifying any irregularity or prejudice from the fact that the jurors were permitted to separate before submission of the cause to the jury. There is no merit in the contention. (Pen. Code, sec. 1121.)

■ A few minor points, merely stated, without argument or attempt to claim prejudice from the action taken, are obviously without merit. An appellate court will not review such matters. (8 Cal. Jur., p. 546, sec. 550, and Supplements.)

The judgments and order denying a new trial are affirmed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.*, concurred.