[Crim. No. 3716. In Bank.—April 25, 1934.]

THE PEOPLE, Respondent, v. HARRY A. HANSON, Appellant.

Robert E. Crowley and Gerard Remington for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

SEAWELL, J.—Defendants were charged with the crime of assault with a deadly weapon. The jury returned a verdict against defendant Hanson of guilty of the offense charged, and against defendant Tillotson, a verdict of guilty of simple assault. Defendant Hanson appeals from the resulting judgment of conviction and from the order denying his motion for a new trial, contending that the record establishes no more than simple assault.

The evidence shows that on the morning of January 3, 1933, defendants, who were driving home in their car, stopped in the rear of a Safeway store in the city of Los Angeles, whereupon defendant Hanson got out, took a box of tomatoes from the platform, and put it in the car. Police officer Joseph E. Daniels then appeared and placed Hanson under arrest, took him to the car, and, holding his gun in his right hand, attempted to handcuff Hanson to Tillotson. Hanson snatched the officer's gun, called for Tillotson to help, and the three engaged in a struggle during which the gun was discharged, the bullet striking the officer's hand. Defendants succeeded in throwing the officer to the ground and escaped. They were apprehended several weeks later.

Appellant, as already stated, claims that the evidence establishes only a simple assault. The testimony of Officer Daniels shows that he was struck with the handcuffs, and narrowly escaped death from the gun. He said: "The struggle took place between Mr. Hanson, Mr. Tillotson and myself, and the gun was completely away from me before it ever went off." He also testified: "I was trying to keep the gun from going off while it was pointed at my head—was pushing it away." As he pushed it aside, the gun was discharged, with the result stated. One of the defendants then struck the officer on the jaw, knocking him down.

Appellant seeks to transform this vicious attack on an officer of the law, which, by reason of his desperate defense, fell short of murder, into a misdemeanor of the character of a street brawl. He says that he did not intend to shoot the officer. The jury was fully justified in inferring an unlawful intent from the fact that he seized the gun, and that it was discharged when pointed at the officer. *People*

v. *Wells,* 145 Cal. 138 [78 Pac. 470], amply supports the judgment.

Police officers daily risk their lives in the protection of lives and property of the public. Their duties are sufficiently hazardous without adding to their danger by condoning conduct such as that of the defendant. A deadly assault on an officer should meet with swift and severe punishment, and this the jury has meted out to appellant. Less than this would amount to an invitation to other dangerous criminals to hold the life of a police officer as cheaply as defendant has held it.

The judgment and order are affirmed.

Thompson, J., Langdon, J., Curtis, J., Preston, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.